**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARLON ORELLANA-VEGA and PERLA CORRAL-CAMACHO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74421 <br><br> Agency Nos. A099-672-518 <br> A099-672-519 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Marlon Orellana-Vega and Perla Corral-Camacho, natives and citizens of

Guatemala and Mexico, respectively, petition for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") decision denying their applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), and we deny in part and dismiss in part the petition for review.

In their opening brief, petitioners failed to raise any challenge to the agency's determination that they did not establish extraordinary circumstances to excuse their untimely filed asylum application. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's conclusion that petitioners failed to establish a clear probability of persecution based on the murder of Orellana-Vega's uncle by an unknown assailant. *See Hakeem v. INS*, 273 F.3d 812, 816-17 (9th Cir. 2001).

Substantial evidence also supports the agency's conclusion that petitioners failed to establish it is more likely than not Orellana-Vega would be tortured if returned to Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Finally, we lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Petitioners' contention that the IJ's denial of relief was based on speculation is not supported by the record and does not amount to a colorable claim. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**